IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE: DOROTHY LEE ARMOUR,

    Appellant,

v.                                                                                                 No. 14-1313
                                                                                              Bankruptcy Case No. 14-10691

FIRST HERITAGE CREDIT OF
TENNESSEE, LLC,

    Appellee.
_____

ORDER GRANTING APPELLANT TIME TO FILE A DESIGNATION OF
THE RECORD ON APPEAL AND ORDER TRANSCRIPTS
_____

Before the Court is an appeal from a ruling of the United States Bankruptcy Court for the Western District of Tennessee dismissing the case. The debtor, Dorothy Lee Armour, filed her notice of appeal on November 19, 2014, and, pursuant to 28 U.S.C. § 158(c)(1), she elected to have her appeal heard by this Court rather than by the Bankruptcy Appellate Panel for the Sixth Circuit. (Docket Entry ("D.E.") 1; D.E. 1-2 at 2.) Appellant submitted her brief on December 12, 2014, (D.E. 5), and Appellee, First Heritage Credit of Tennessee, LLC ("First Heritage"), responded on January 12, 2015, (D.E. 6). Armour, however, has not filed a designation of the record on appeal, nor has she ordered transcripts of the various proceedings she references in her brief.

Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure provides that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal" within fourteen days of her notice of appeal as of right becoming effective. Likewise, within that time,

1

the appellant must:

> (A) order in writing from the reporter . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or
>
> (B) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.

Fed. R. Bankr. P. 8009(b)(1). Local Rule 83.1(a) of the Local Rules of the United States District Court for the Western District of Tennessee states that "[b]ankruptcy appeals shall be handled in accordance with L.B.R. 800-1 and L.B.R. 8006-1." Local Bankruptcy Rule 8006-1(a) of the Local Rules of the United States Bankruptcy Court for the Western District of Tennessee, in turn, provides that

> designations of the record and statements of the issues shall expressly identify the specific items, document by document, to be included in the record on appeal and specific issues to be presented. Moreover, general, catch-all designations of the items to be included in the record on appeal such as "all bankruptcy files," "the entire case and/or proceeding record" or similar phrase and general, vague, non-specific statements of the issues are not acceptable and shall result in the record on appeal being considered incomplete. Only that part of the record necessary for the appeal should be designated.

"All parties to the appeal shall strictly comply" with these requirements, and "[f]ailure of any party to comply . . . shall be ground for such action as the . . . District Court deems appropriate, which may include ultimate dismissal of the appeal and/or cross appeal by the District Court." L.B.R. 8006-1(b), Local Rules of the United States Bankr. Ct. for the W. Dist. of Tenn. Likewise, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see also Hancock v. McDermott*, 646 F.3d 356, 359 (6th Cir. 2011) (determining, under the

predecessor to 8003(a), that "a district court has discretion to dismiss a bankruptcy appeal where an appellant has failed to take a required step in the appeal").

As stated above, Armour has failed to file a designation of items to be included in the record on appeal, and she has not ordered any transcripts from the bankruptcy court, although the time for doing so under Rule 8009 has passed. She directly or indirectly references several proceedings in her brief, including the bankruptcy court's July 24, August 21, and October 16 hearings. Moreover, the discussion in Appellant's brief does not clearly indicate that these are the *only* hearings she takes issue with. The Court cannot fairly consider the appeal without a designation of the record on appeal or the appropriate transcripts. Armour is, therefore, GRANTED ten days from the entry of this order to file a designation of the record on appeal and order the required transcripts. Failure to do so will result in the dismissal of her appeal.

IT IS SO ORDERED this 24th day of March 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE