IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE: DOROTHY LEE ARMOUR,

    Appellant,

v.                                                  No. 14-1313
                                                 Bankruptcy Case No. 14-10691

FIRST HERITAGE CREDIT OF
TENNESSEE, LLC,

    Appellee.

---

ORDER DISMISSING BANKRUPTCY APPEAL

---

Before the Court is an appeal from a ruling of the United States Bankruptcy Court for the Western District of Tennessee dismissing the case. The Debtor, Dorothy Lee Armour, filed her notice of appeal on November 19, 2014, and, pursuant to 28 U.S.C. § 158(c)(1), she elected to have her appeal heard by this Court rather than by the Bankruptcy Appellate Panel for the Sixth Circuit. (D.E. 1; D.E. 1-1 at 2.) Appellant submitted her brief on December 12, 2014, (D.E. 5), and Appellee, First Heritage Credit of Tennessee, LLC ("First Heritage"), responded on January 12, 2014, (D.E. 6). Armour did not file a reply brief, although she had the right to. Also, Armour did not file a designation of the record on appeal, nor did she order transcripts of the various proceedings she referenced in her brief.

On March 24, 2015, the Court entered an order granting Armour ten days to file a designation of the record on appeal and order the required transcripts. (D.E. 8.) The order warned that failure to do so would result in the dismissal of her appeal. (*Id.* at 3.) On April 3, 2015, Armour filed a notice stating, in full, "I, Dorothy L. Armour, designated exhibits in my appe[llate] brief. With reference to ordering transcripts, I ordered an audio transcript of a hearing

1

which [sic] I mailed in with my appeal. However, it was blank. I will not order any more." (D.E. 9 at 1.)

Under Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Under this rule, "a district court has discretion to dismiss a bankruptcy appeal where an appellant has failed to take a required step in the appeal." *Hancock v. McDermott*, 646 F.3d 356, 359 (6th Cir. 2011).[1] Rule 8009(a)(1) provides that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal" within fourteen days of her notice of appeal as of right becoming effective. Likewise, within that time,

> the appellant must:
>
> (A) order in writing from the reporter . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or
>
> (B) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.

Fed. R. Bankr. P. 8009(b)(1). "A district court may in particular exercise its discretion to dismiss an appeal for a violation of Rule 800[9] where there is a showing of bad faith, negligence, or indifference." *In re Kloian*, 137 F. App'x 780, 783 (6th Cir. 2005) (citing *Third Nat'l Bank v. Winner Corp.* (*In re Winner Corp.*), 632 F.2d 658, 661 (6th Cir. 1980)).

---

[1] Although *Hancock* was decided under the predecessor to 8003(a), *see Hancock*, 646 F.3d at 359, the Advisory Committee Notes to Rule 8003(a) provide that, with limited exceptions not applicable here, the changes in the rule are primarily "stylistic."

As noted above and in the Court's March 24 order, Armour has failed to file a designation of the record on appeal within the time allotted under Rule 8009(a). While she states that she "designated exhibits in [her] appe[llate] brief," this is insufficient. Rule 8009(a) contemplates a designation of the record *separate* from an appellant's brief. As the Advisory Committee Notes to the rule state,

> [t]he rule retains the practice of former Rule 8006 of requiring the parties to designate items to be included in the record on appeal. In this respect, the bankruptcy rule differs from the appellate rule. Among other things, [Fed. R. App. P.] 10(a) provides that the record on appeal consists of all the documents and exhibits filed in the case. This requirement would often be unworkable in a bankruptcy context because thousands of items might have been filed in the overall bankruptcy case.

Moreover, Local Bankruptcy Rule 8006-1(a) of the Local Rules of the United States Bankruptcy Court for the Western District of Tennessee provides that "designations of the record and statements of the issues shall expressly identify the specific items, document by document, to be included in the record on appeal and specific issues to be presented." *See also* L.R. 83.1(a), Local Rules of the United States Dist. Ct. for the W. Dist. of Tenn. ("Bankruptcy appeals shall be handled in accordance with L.B.R. 800-1 and L.B.R. 8006-1."); L.B.R. 8006-1(b), Local Rules of the United States Bankr. Ct. for the W. Dist. of Tenn. (stating that all parties "shall strictly comply" with these requirements, and "[f]ailure of any party to comply . . . shall be ground for such action as the . . . District Court deems appropriate, which may include ultimate dismissal of the appeal . . . by the District Court").

Armour did not provide the necessary document-by-document designation of the record, even after the Court specifically made her aware of her obligation to do so. Though "[t]he late filing of a required document does not justify the dismissal of the appeal absent a showing of bad

faith, negligence, or indifference," *Barclay v. U.S. Tr., Hackett*, 106 F. App'x 293, 293–94 (6th Cir. 2004), Armour's actions in this case demonstrate, at a minimum, indifference to the rules governing bankruptcy appeals. The Court called to her attention the deficiencies in her filings and granted her an extension to cure them, but she responded by indicating that she would take no further action. Accordingly, Armour's appeal should be dismissed.

Similarly, Armour's failure to file transcripts of the hearings she referenced in her briefs provides grounds for dismissal. Rule 8009(a)(4) requires an appellant to include in the record "transcripts of all oral rulings" relevant to the issues on appeal. And Rule 8009(b)(1) applies 8009(a)'s time limits to an appellant's ordering of transcripts. Again, the Court notified Armour that "she ha[d] not ordered any transcripts from the bankruptcy court, although the time for doing so under Rule 8009 ha[d] passed," but nevertheless granted her ten days to provide transcripts. (D.E. 8 at 3.) Instead of providing the appropriate transcripts or availing herself of Rule 8009(c)'s procedure for proceedings where a transcript is unavailable, Armour flatly stated, "I ordered an audio transcript of a hearing which [sic] I mailed in with my appeal. However, it was blank. I will not order any more." (D.E. 9 at 1.) Even without reaching the issue of whether the audio recording qualifies as a "transcript" for purposes of Rule 8009, *see Malat Irrevocable Trust v. Sur. Title Corp.*, No. 10-CV-0002 NLH, 2010 WL 3732983, at *1 (D.N.J. Sept. 16, 2010) (noting that "[t]he designated record does not include any transcripts of judicial proceedings" but considering an audio recording that the court itself obtained), Armour did not provide, in any form, a recording of the contents of multiple hearings her brief references, aside from the July 24, 2014, proceeding.[2] Most notably, Armour did not provide a transcript or an

---

[2] The Court notes that, although Armour claims that the compact disc containing the recording of the July 24, 2014, proceeding was blank, it contained a .wma file of the hearing. In her brief, Armour explained that her notes from the proceeding indicated that a hearing on the motion to dismiss her case was to take place on August 26,

4

audio recording of the bankruptcy court's August 21, 2014, oral ruling dismissing the proceedings, although she formed the basis of her appeal around it. (*See* D.E. 5 ¶ 1.) When she was notified of the deficiency and given time to provide transcripts, she simply refused to do so. As above, Armour was, at a minimum, indifferent to the requirements of the rules governing her appeal, and dismissal is, therefore, appropriate. *See Barclay*, 106 F. App'x at 294 (affirming the dismissal of a bankruptcy appeal where the appellant, among other things, failed to file "mandatory transcripts" after being given the opportunity to do so).

Because Armour has demonstrated indifference to comply with the applicable Federal Rules of Bankruptcy Procedure and local rules, her appeal is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 23rd day of April 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

but the hearing actually occurred on August 21. (D.E. 5 ¶¶ 2–3.) She then ordered the transcript of the July 24 hearing "to see if [she] had, in fact misunderstood the date" that the bankruptcy judge set for the hearing on the motion to dismiss. (*Id.* ¶ 3.) From the Court's review of the audio recording, the hearing was, in fact, set for August 21, after Armour requested, and the court provided, a continuance to allow her time to obtain counsel.